IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV467-01-MU

JEFFERY J. PELZER,                         )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )          **O R D E R**
                                           )
FNU CHERRY,                                )
                                           )
            Defendant.                     )
_____)

**THIS MATTER** comes before the Court on its own motion.

On October 29, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging claims of excessive force against Officer Cherry and other unnamed defendants. Upon conducting an initial review, this Court ordered the Mecklenburg County Sheriff's Office to provide the Court with the identity of the individuals involved in the incident that formed the basis of Plaintiff's Complaint.

On November 17, 2009, Plaintiff filed a response to the Court's request for a verified statement regarding the exhaustion of his administrative remedies. In support of his assertion that he had exhausted his administrative remedies, Plaintiff attached an October 20, 2009, inmate grievance form. In his grievance Plaintiff identifies the time period of the excessive force incident as 2001-2002.[1]

_____

[1] In responding to this Court's Order, the Mecklenburg County Sheriff's Office noted that in addition to the grievance provided by Plaintiff, a November 7, 2009, grievance was also located. The November 9, 2009, grievance complained of excessive force by Defendant Cherry in 2000-2001.

The information supplied to the Court by Plaintiff himself and by the Mecklenburg County's Sheriff's Office, leads to the conclusion that Plaintiff's Complaint is untimely. Because there is no federal statute of limitations for § 1983 actions, the state statute governing personal injury is applied. Wilson v. Garcia, 471 U.S. 261 (1985). In North Carolina a three year statute of limitations applies to any personal injury not covered by another limitation. N.C. Gen. Stat. § 1-52(5). Consequently, § 1983 claims arising in North Carolina have a three year statute of limitations. National Advertising Co., 947 F.2d 1158, 1161-62 (4th Cir. 1991). The actions upon which Plaintiff is basing his Complaint occurred over seven years ago. Because over three years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit, his claims are untimely and his Complaint is dismissed.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)**.

Signed: December 1, 2009

Graham C. Mullen
United States District Judge